IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE SANCHEZ,

      Plaintiff,                    No. CIV S-07-0542 MCE EFB P

    vs.

PENNER, et al.,

      Defendants.           <u>ORDER</u>

                              /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has moved to compel defendants to respond to plaintiff's second set of interrogatories. *See* Fed. R. Civ. P. 37(a)(2)(B). For the reasons explained below, plaintiff's motion must be denied.

       This action proceeds on the March 20, 2007, complaint. On April 2, 2008, the court issued a scheduling order which set May 26, 2008 as the deadline for completion of all discovery. The order also required that motions to compel discovery be filed no later than July 25, 2008. Without saying when, plaintiff asserts that he served a first set of interrogatories on defendant Penner. Plaintiff also asserts that defendant Penner responded to plaintiff's first set of interrogatories, but did not answer the majority of them. He asserts that Penner expressed a

////

1

need for plaintiff's medical records in order to answer.[1] Thus, he says, he sent Penner copies of his medical records. On July 3, 2008, plaintiff served defendant Penner with a second set of interrogatories. Plaintiff does not explain why he served a second set of interrogatories given that he had already served but not received a complete response to his first set. Penner does not mention the first set or the need for plaintiff's medical records. Plaintiff served his second set of interrogatories after the time for conducting discovery had closed. He also filed his motion to compel after the time for filing such motions had passed. Plaintiff has not sought an order modifying the scheduling order, nor has he addressed the standard (i.e., a showing of good cause) for any such modification. *See* Fed. R. Civ. P. 16(b). Since the second set of interrogatories and the motion are late, the motion must be denied.

Accordingly, it hereby is ORDERED that plaintiff's September 8, 2008, motion to compel is denied.

Dated: April 22, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] It is not clear exactly when Penner said he needed plaintiff's records. However, plaintiff alleges that he sent the records "just days after" learning Penner needed the records. Declaration of Plaintiff in Support of Motion to Compel. Plaintiff also asserts that he served the second set of interrogatories "shortly" after sending defendant the medical records. *Id.* It therefore appears that Dr. Penner requested the medical records in June, after discovery had closed. Thus, it appears that Penner benefitted from what amounts to the production of documents after discovery closed. Furthermore, if Penner suggested that plaintiff revise or change his interrogatories and serve them a-new, then he cannot refuse to answer them on the ground that plaintiff served them late. Since the parties have provided no details concerning their discussion about Penner's need for plaintiff's medical records, the court can make no finding in this regard.

2