IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE SANCHEZ,

      Plaintiff,                      No. CIV S-07-0542 MCE EFB P

     vs.

MONTE PENNER, et al.,

      Defendants.              <u>ORDER</u>

                              /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He filed a motion for sanctions pursuant to Rules 11(b) and 56(g) and for the reasons explained below, the motion is denied.

      Plaintiff contends that defendant Penner and his attorney manipulated evidence in order to support a falsehood in support of Penner's motion for summary judgment. In particular, he asserts that counsel permits defendant in his declaration to rely on a medical record which does not support defendant's (allegedly untrue) statement. One question on summary judgment is whether defendant Penner misdiagnosed plaintiff's condition in such a manner as to constitute indifference to plaintiff's serious medical need on January 23, 2006. Plaintiff claims that defense counsel attempted to mislead the court by representing that an exhibit (i.e. Exhibit A to a declaration in support of summary judgment) was created on January 23, 2006. Pl.'s Mot. for

Sanctions, Mem. in Supp. Thereof (hereafter, "Pl.'s Mem.") at 2. Plaintiff asserts that in this way, Dr. Penner attempted to mislead the court in its consideration of whether there is a genuine issue for trial.

Plaintiff's first ground for seeking sanctions is Rule 11(b)(1) of the Federal Rules of Civil Procedure. Under Rule 11, the moving party must comply with the following provision:

> (2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2). Thus, Rule 11 contains a "safe harbor" provision, whose purpose is to give the non-moving party the opportunity to withdraw the offending pleading. *See Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998). It requires that a motion for sanctions be served on the opposing party 21 days before it is filed in court. *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001). Here, the certificate of service attached to the motion is dated February 28, 2009. Dckt. No. 72. There is no evidence that plaintiff served this motion on defendants 21 days before filing it in this court. Therefore, plaintiff's motion for sanctions under Rule 11 is denied.

Plaintiff also seeks sanctions pursuant to Rule 56(g), which provides:

> (g) Affidavit Submitted in Bad Faith. If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, if incurred as a result. An offending party or attorney may also be held in contempt.

Fed. R. Civ. P. 56(g). If plaintiff can demonstrate that defendant intentionally fabricated facts in an affidavit, the court must find that defendant acted in bad faith. The parties agree that in his declaration in support of summary judgment, Penner stated that he diagnosed plaintiff with cellulitis on January 23, 2006. In support of this assertion, Penner relied on the undated medical record which is the focus of the instant motion. Plaintiff argues that in preparing the motion for

the summary judgment, counsel removed two documents that were 14 pages apart in materials plaintiff had served on her (presumably in discovery), and placed them within two pages of each other in the exhibits to the motion for summary judgment. Pl.'s Mem., at 2, 4. The conclusions reached from the arrangement of the pages is a non sequitur and the argument is premised on inaccurate assumptions. First, plaintiff assumes that counsel relied on medical records plaintiff provided to her. To the contrary, counsel has submitted a declaration stating that she obtained the medical records on which she relies from the CDCR. Def.'s Opp'n to Pl.'s Mot., Martinez Declaration (hereafter "Martinez Decl."), at ¶ 5. Thus, plaintiff is not the source of the records upon which she relies.

Plaintiff also assumes that the California Department of Rehabilitation and Corrections (hereafter, "CDCR") maintains medical records in strict chronological order. He believes that the correct location for the undated document was somewhere around the records dated January 27, 2006. Pl.'s Mem., at 7-8. But counsel explains that medical records maintained by the CDCR are *not* organized in a chronological fashion. Martinez Decl., at ¶ 4. Instead, they are maintained by category, i.e., orders, progress notes, x-rays and prescriptions. *Id.* Plaintiff does not contest this fact. Finally, Penner twice examined plaintiff and diagnosed him with cellulitis - once on January 23 and once on January 26. There are two documents on which Penner documents his diagnosis of cellulitis, one of which is dated January 26. Both documents note plaintiff's vital signs, which are different on each document. Thus, Penner created these documents separately. Since Penner saw plaintiff once on January 23 and once on January 26, and one document noting cellulitis is dated January 26, it is reasonable to conclude that the undated document was generated on January 23.

In short, plaintiff offers no persuasive argument and no evidence in support of his contention and the motion is wholly without merit.[1] Rather, the record itself supports a finding

---

[1] While the court does not explicitly analyze each of plaintiff's arguments in his 26-page motion submitted with more than 140 pages of attachments, the court has considered and

1  that the undated document was created on January 23.  There is no basis for finding any
2  impropriety at all surrounds Penner's reliance on the medical record in question.  Plaintiff is not
3  entitled to the relief he seeks under Rule 56(g).
4      For all the reasons explained above, plaintiff has failed to demonstrate that sanctions are
5  warranted.
6      Accordingly, it is ORDERED that plaintiff's March 3, 2009, motion for sanctions is
7  denied.
8  Dated:  September 2, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

25  rejected each argument.  Plaintiff is admonished that he, too, is bound by the requirements of
Rule 11 and even a motion for sanctions is, itself, subject to the consequences of Rule 11 if it is
26  filed in violation of the Rule.

4