IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE SANCHEZ,

     Plaintiff,                    No. CIV S-07-0542 MCE EFB P

    vs.

DR. PENNER, et al.,

     Defendants.          ORDER

                              /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending are two motions by plaintiff. The first seeks an extension of time to request reconsideration of the September 2, 2009, order denying his request for sanctions. He asserts that he requires this time so that he can conduct discovery relevant to the motion for reconsideration. The second requests leave to conduct discovery. For the reasons explained below, the motions are denied.

       The September 2, 2009, Order, Dckt. No. 77, denied plaintiff's request that the court sanction defendants' counsel pursuant to Rules 11(b)(1) and Rule 56(g) of the Federal Rules of Civil Procedure, Dckt. No. 72. He accused defense counsel of attempting to mislead the court by allowing defendant, Dr. Penner to misrepresent the date on which a medical record was created.

////

The court denied the motion for sanctions, finding that plaintiff had not complied with the mandatory "safe harbor" provision of Rule 11(c)(2), and he had not demonstrated bad faith on the part of counsel as required by Rule 56(g). Plaintiff now apparently wishes to take a deposition that he believes will result in testimony contrary to counsel's declaration submitted in support of summary judgment. That declaration states that Mule Creek State Prison officials maintain records by category, e.g., progress notes, prescriptions, and physicians' orders, in different sections of prisoners' files. Dckt. No. 74. The declaration further states that when counsel received plaintiff's records in response to a subpoena, they were not in chronological order.

Plaintiff has articulated no basis for reconsideration of the order denying sanctions, nor has he articulated any basis for taking the deposition he has requested. As an initial matter, plaintiff does not assert that the court erred in denying the motion for sanctions on the ground that plaintiff failed to comply with the required "safe harbor" provision of Rule 11(c)(2). Without such a showing, there is no basis for reconsideration of the motion for sanctions. That ground alone was sufficient to deny the motion.

Furthermore, the facts that plaintiff contends he will establish through the proposed deposition provide no basis for reconsideration. Plaintiff requests that the court permit him to take the deposition of the individual who maintains medical records at Mule Creek State Prison.[1] Dckt. No. 80. Plaintiff is not entirely clear as to the relevance of the deposition. However, he does not dispute counsel's contention that medical records are maintained by category. Thus, it appears that he believes additional discovery will reveal that officials at Mule Creek State Prison maintain medical records chronologically within each category. Assuming that to be true, it

---

[1] To grant plaintiff's motion would necessitate vacating the April 2, 2008, scheduling order, which established July 25, 2008, as the date discovery closed. Dckt. No. 28. The court may modify a schedule upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff has not shown that there is good cause for modifying the scheduling order.

1 establishes no basis for sanctions. It is reasonable to assume, as plaintiff suggests, that within
2 their categories, the records are maintained chronologically. However, counsel did not state that
3 once in their categories, records are not maintained in chronological order. Rather, she stated
4 that she did not receive his records in chronological order. Thus, the discovery he seeks is
5 immaterial.
6   Accordingly, it is ORDERED that plaintiff's September 11, 2009, motions for leave to
7 conduct additional discovery and for an extension of time to seek reconsideration of the order
8 denying his motion for sanctions, Dckt. Nos. 79 and 80, are denied.
9 Dated: September 21, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE